UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LOUIE OCHOA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STERLING PRICE,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00299 JLT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION AS UNEXHAUSTED |

In an earlier action, Petitioner filed nearly the exact same petition. (Case number 1:15-cv-01769 LJO JLT) It was not clear then—and it is not clear now—exactly what Petitioner's complaints are though he seems to claim that he should have been released from custody in December 2014. Id. at 9; Doc. 1 at 1.  The Court dismissed the earlier petition because Petitioner had failed to exhaust his state remedies. (Case number 1:15-cv-01769 LJO JLT, Doc. 7)  Attached to this new petition, Petitioner provides a copy of a caption page for a habeas petition he filed in the California Supreme Court.[1]  (Doc. 2 at 3)  Those proceedings are in their infancy, the petition having just been filed on

---

[1] Petitioner fails to provide the copy of the brief he filed in the California Supreme Court.  Thus, the Court has no information what claims he raised there nor whether he raised federal constitutional claims.

1

February 8, 2016.[2]  Thus, once again, it appears the claims have not been exhausted and the Court will recommend the petition be **DISMISSED**.

I.  DISCUSSION

    A.  **Application to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  Petitioner has made the showing required by §1915(a).  Thus, his request to proceed in forma pauperis is **GRANTED**.

    B.  **Preliminary Review of Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

    C.  **Exhaustion**

A petitioner who is in state custody and wishes to launch a collateral attack on his conviction via a petition for writ of habeas corpus, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine affords comity to the state and gives the state court the initial opportunity to correct the alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722,

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the California Supreme Court are subject to judicial notice.  After reviewing the docket of the California Supreme Court, the Court notes that no decision has been issued in Petitioner's habeas petition filed there and, indeed, respondent has not filed any response.

731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

The petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

On the other hand, presentation of the claim is just the first step toward exhaustion. A petition is not exhausted unless the petitioner has no further right through any procedure arising under state law, to raise the question presented. 28 U.S.C. § (a)(c) ["An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."]

Here, Petitioner seems to be claiming that he should have been released from custody in December 2014.[3] (Doc. 1 at 1) Petitioner attaches a caption page from his habeas petition newly filed in the California Supreme Court (Id. at 3), apparently, to demonstrate exhaustion.[4] However, there is no decision from the California Supreme Court and, indeed, there has been no opportunity for the respondent to address the claims raised in that action.(*See* footnote 2 *infra*.) Thus, the petition filed in this Court is premature and it is wholly unexhausted.

Where none of a petitioner's claims have been exhausted in the state courts, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Though it appears that Petitioner has presented claims to the California Supreme Court, he has not allowed sufficient time for that court to rule on the petition. Therefore, because Petitioner has not exhausted his claims for federal relief in the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);

---

[3] Notably, in an even earlier filed civil rights complaint, Petitioner made the same claim as in both of his habeas petitions filed in this Court but in that action he attached a document from the California Office of Patients' Rights which explained to Petitioner, "you reported that you believe you have been illegally incarcerated since 12-25-2014. As a PC 2962, you have been sent here to this hospital as an MDO parolee certified by the Board of Parole for psychiatric treatment as a condition of your parole." (Case number 1:15-cv-01632-DLB, Doc. 1 at 7) Notably, California's Penal Code § 2962 requires an inmate with a severe mental disorder may be ordered, as a condition of parole, to received mental health treatment provided by the State Department of State Hospitals. This additional confinement may be ordered when the mental condition "was a cause of or an aggravating factor in the commission of a crime for which the person was sent to prison," the underlying crime was one of the listed offenses, the person has received mental treatment for at least 90 days of the last year of incarceration and a mental health professional certifies the person remains a substantial danger to the physical safety of others. Id.

[4] Petitioner fails to provide his brief or explain what federal constitutional issues he raised in that petition. Thus, even if the California Supreme Court had already decided the issues raised, it still would be unclear whether the issues presented here are exhausted.

Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

## ORDER

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 7, 2016**                        /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE